## Township of Texas v. Henry Wager.

*Compensation of Collector of Taxes.* Under the statutes in force in 1861 and 1862, (*Comp. L.* §§ 815, 841; *Laws of* 1858, *p.* 182), the township treasurer had the right to retain, of his own authority, only two per cent. of the taxes of 1861 collected by him, for his fees, where neither the electors of the township, nor the supervisor, had fixed his compensation at a higher rate.

Whether the supervisor has the right to fix the compensation when the electors have neglected to do so, *quere.*

Where the electors did not determine what percentage should be added to the taxes for the collection expenses, and the supervisor added two and a half per cent., and in his warrant for their collection, directed the treasurer to retain that amount for his fees, and the treasurer retained *four* per cent., paying over the remainder; it was held, that he was liable to the township for the amount which he had retained over two and a half per cent.

*Heard October 23d. Decided November 10th.*

Case made after judgment, from Kalamazoo Circuit.

The cause was submitted to the Court below upon a stipulation showing the following facts:

The defendant was township treasurer of Texas, from April, 1861, to April, 1862, during which period he collected for the township, and was entitled to his legal per centage upon $2,448 20. This sum included two and a half per cent. added by the supervisor for collection expenses.

The electors of the township, neither at the annual meeting nor at any other time, determined by vote what per cent should be added by the supervisor for collection expenses.

The supervisor, in the warrant issued by him to the defendant for the collection of the taxes, directed the defendant to retain two and a half per cent of the amount for his fees, and to pay over the remainder. The defendant, however, in his settlement with the township board, retained *four* per cent, and paid over the remainder. Four per cent had been received by the township treasurer for his fees for each of the ten preceding years, except two years, when the rate was fixed by the electors at two and a half per cent.

The township claimed to recover in this suit, the one and a half per cent retained by the defendant, above the sum so fixed by the supervisor; and the Circuit Court gave judgment therefor.

*C. S. May & Briggs*, for plaintiff.

*T. R. Sherwood* and *C. E. Stuart*, for defendant.

CHRISTIANCY J.:

The only question here presented is, whether, by the statutes in force in the years 1861 and 1862, the township treasurer collecting the tax of 1861 had a right to retain four per cent for collection, when the electors, at the township meeting, had neglected to fix the amount, and the supervisor had added but two and a half per cent to the roll for that purpose, and, in his warrant, authorized him to retain only the latter amount.

By the act of 1853, § 33 (*Comp. L.* § 815), the supervisor is required to assess the amount of taxes for state, county and township purposes, "adding thereto and to all other taxes required by law to be assessed by him, not more than four nor less than two per cent for collection expenses, upon the taxable property of the township," &c.

No tribunal or mode is provided by this statute for fixing the percentage for collection between the extremes of two and four per cent: under this statute, therefore, the supervisor alone, we think, had the power to fix the amount between these limits.

But by the amendment of 1858 (*Laws of* 1858, *p.* 182), which applies to the present case, after the words, "not more than four, nor less than two per cent," the following words are inserted: "as shall be determined by the electors at their annual meeting, at the same time and in the same manner that overseers of highways are elected."

By section fifty-nine of the act of 1853 (*Comp. L.* § 841), which was not amended by the act of 1858, "the town-

ship treasurer shall receive not to exceed four, nor less than two per cent on the amount collected, which he shall retain out of the moneys collected by him." This provision must be construed with reference to, and as dependent upon, section thirty - three; and, since the amendment, as dependent upon the last named section as amended. Whether, after the amendment of 1858, the supervisor had the power to fix upon any rate of percentage between the two and the four per cent, is a question not raised by the case, and we give no opinion upon it. But, granting that he had that power, we think it clear, that if he had not fixed it at a higher rate, the treasurer could not, of his own authority, retain a higher rate than two per cent. Under the amendment of 1858, the treasurer had a legal right, by the direct authority of the statute itself, to the two per cent; and, except as increased by the supervisor (if he has the authority) or by the electors, to nothing more.

The vote of the electors could alone give him the right to a higher rate of compensation than that fixed by the supervisor, and by him added to the taxes.

The judgment of the Circuit Court was, we think, correct, and it must be affirmed, with costs.

The other Justices concurred.